# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PBN PHARMA, LLC, <br> ANHAL PUROHIT, and <br> HARRY C. BOGHIGIAN <br><br> Plaintiffs / Counter-Defendants, <br><br> v. <br><br> SARFARAZ K. NIAZI, <br><br> Defendant / Counter-Plaintiff. | Case No. 14-cv-6865 <br><br> Judge Sharon Johnson Coleman |

## MEMORANDUM OPINION AND ORDER

Plaintiffs PBN Pharma, LLC, Anhal Purohit, and Harry C. Boghigian (together "plaintiffs") filed a five-count complaint against defendant Sarfaraz K. Niazi asserting claims for declaratory judgment of non-infringement, breach of contract, breach of fiduciary duty, fraud in the assignment of patent and patent applications, and fraud in the purposeful failure to prosecute patent applications. On December 6, 2014, Niazi moved to dismiss this case for lack of subject matter jurisdiction, a motion which this Court subsequently denied. Although discovery is nearly complete, Niazi now moves this Court to dismiss this case for lack of subject matter jurisdiction based on a newly-executed covenant not to sue and his renewed arguments challenging this Court's jurisdiction over the plaintiffs' state law claims. For the reasons set forth herein, this motion is granted.

**Background**

This Court refers to and incorporates herein the summary of facts from its opinion denying Niazi's first motion to dismiss. (Dkt. 21). Niazi's first motion to dismiss was premised on an assignment of rights that Niazi executed after the litigation commenced, which purportedly transferred all of his rights in the contested patents to the plaintiffs. This Court held that because the validity of the assignment was disputed, that assignment was insufficient to divest it of

1

jurisdiction. This Court further held that it had jurisdiction over portions of Counts III, IV, and V because those state law claims raised substantial issues of patent law and exercised supplemental jurisdiction over the remaining state law claim, Count II.

On February 5, 2016, Niazi executed a covenant-not-to-sue encompassing patent 963, which is the subject of the plaintiffs' declaratory judgment claim. Niazi subsequently filed the present motion, arguing that his covenant not to sue eliminates any case or controversy between the parties and that, contrary to this Court's prior ruling, this Court does not have federal question jurisdiction over Counts III-V because those counts do not involve substantial issues of patent law.

**Legal Standard**

A court must dismiss any action which lacks subject matter jurisdiction. The party asserting jurisdiction has the burden of establishing it under Rule 12(b)(1). *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009). "On a motion to dismiss for lack of subject matter jurisdiction, the court is not bound to accept the truth of the allegations in the complaint, but may look beyond the complaint and the pleadings to evidence that calls the court's jurisdiction into doubt." *Bastien v. AT & T Wireless Servs., Inc.*, 205 F.3d 983, 990 (7th Cir. 2000).

**Discussion**

*Declaratory Judgment*

Subject matter jurisdiction in a declaratory judgment suit depends upon the existence of "a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007) (quoting *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240–41, 57 S.Ct. 461, 81 L.Ed. 617 (1937)). It is the plaintiff's burden to prove the existence of such a controversy throughout the litigation. *Id.*

Here, Niazi has covenanted not to sue the plaintiffs:

> for infringement as to any claim of U.S. Patent No. 6,419,963 based
> upon the Plaintiff's making, using, manufacturing, developing,
> designing, marketing, licensing, distributing, importing, offering for
> sale, or selling of the Plaintiffs' past, current, and/or future products,
> including without limitation the products NapiNol(R) and Boo Boos
> Be Gone (R)," or "as to any claim of U.S. Patent No. 6,419,963 based
> upon the Plaintiff's past, current, or future activities in making, using,
> manufacturing, developing, designing, marketing, licensing,
> distributing, importing, offering for sale, or selling of any of
> Plaintiff's past, current, and/or future products, including without
> limitation the products NapiNol(R) and Boo Boos Be Gone(R).

It is well established that such a covenant divests the trial court of subject matter jurisdiction by eliminating any case or controversy between the parties. *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1345–46 (Fed. Cir. 2010). Accordingly, in light of the newly executed covenant this Court no longer has subject matter jurisdiction over the plaintiffs' declaratory judgment action and Count I must be dismissed.

This Court is not persuaded otherwise by the plaintiffs' argument that this covenant is inadequate because it fails to establish ownership of the patent. The plaintiffs' declaratory judgment claim seeks a judgment of noninfringment, not a determination of ownership. Moreover, the question of ownership is not one that is capable of resolution in this action in light of the plaintiffs concession that Niazi assigned his interest in the patent to a third party corporation, Novel Pharma.[1] Because this Court can only resolve the respective rights of the parties before it, Niazi's covenant not to sue has granted the plaintiffs relief coterminous with the relief that they could obtain through a declaratory judgment against Niazi and no further dispute remains for this Court to resolve.

*State Law Claims*

---

[1] Novel Pharma is a corporation that Niazi claims he solely owned and exclusively controlled. The parties dispute whether Novel is still in existence: the plaintiffs contend that it is, while Niazi asserts that it was dissolved and that all of its assets reverted to him. In deciding this motion, this Court accepts the plaintiffs' assertion that Novel continues to exist. If it does not remain in existence, then Niazi's covenant not to sue nonetheless eliminates this Court's jurisdiction over this matter.

Niazi also contends that this Court should dismiss the plaintiffs' state law claims. Niazi makes this argument within the present motion to dismiss for want of subject matter jurisdiction rather than filing a separate motion to reconsider this Court's denial of his prior motion to dismiss. Nonetheless, this Court will treat his motion as one for reconsideration with respect to his arguments concerning the state law claims.

Under Federal Rule of Civil Procedure 54(b), a district court has inherent authority to reconsider its own orders entered prior to final judgment. *See Saunders v. City of Chi.*, 12-CV-9158, 2015 U.S. Dist. LEXIS 154989, 2015 WL 7251938, at *2–3 (N.D. Ill. Nov. 17, 2015). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Conditioned Ocular Enhancement Inc. v. Bonaventura,* 458 F. Supp. 2d 704, 707 (N.D. Ill. 2006) (citing *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269 (7th Cir. 1996)). Here, Niazi asserts that this Court does not have jurisdiction because, pursuant to *Gunn v. Minton*, 133 S.Ct. 1059, 185 L.Ed.2d 72 (2013), the plaintiffs' state law claims do not present a "substantial question" of federal law. Upon review of this Court's prior ruling as well as the relevant cases, this Court finds that reconsideration is warranted. *Cf. Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) ("Subject-matter jurisdiction is so central to the district court's power to issue any orders whatsoever that it may be inquired into at any time, with or without a motion, by any party or by the court itself.").

This Court has jurisdiction under 28 U.S.C. § 1338(a) in any case "in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal patent law, in that patent law is a necessary element of the well-pleaded claims." In its memorandum opinion and order denying Niazi's first motion to dismiss, this Court held that the "substantial question of federal law" ("substantiality") requirement had been satisfied with respect to Counts IV and V

4

because the issue underlying those counts was whether the plaintiffs would have been able to achieve patent protection absent Niazi's allegedly fraudulent conduct. This Court also held that Count III raised a substantial question of patent law, because a portion of that count hinged on whether Niazi's conduct had prevented the plaintiffs from obtaining patent rights. In reaching these decisions, this Court relied on *Landmark Screens, LLC v. Morgan, Lewis & Bockius, LLP*, 676 F.3d 1354, 1361 (Fed. Cir. 2012) (recognizing that questions of patentability invoke patent law sufficient to sustain jurisdiction under 28 U.S.C. § 1338(a)).

Niazi now argues that this Court's decision was contrary to the Supreme Court's holding in *Gunn v. Minton,* 133 S.Ct. 1059. *Gunn* concerned a legal malpractice claim premised on counsel's failure to timely raise an exception to an otherwise-applicable rule of patent law. Because the outcome of the malpractice claim therefore hinged on whether the plaintiff would have prevailed in obtaining the exception if it had been timely raised, the Texas Supreme Court held that the malpractice claim involved "a substantial federal issue" because its success was dependent on the viability of the unasserted exception under federal patent law. *Gunn,* 133 S.Ct. at 1063.

The United States Supreme Court, in reversing the Texas Supreme Court, held, in pertinent part that:

> it is not enough that the federal issue be significant to the particular parties in the immediate suit; that will *always* be true when the state claim "necessarily raise[s]" a disputed federal issue, as *Grable* separately requires. The substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole.

*Id.* at 1066 (citing *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005)). The federal issues underlying the malpractice claim, the Supreme Court found, carried no such significance because, in light of the backward-looking nature of malpractice claims, the question was being posed "in a merely hypothetical sense: *If* [the plaintiff's] lawyers had raised a timely experimental-use argument, would the result in the patent infringement

5

proceeding have been different?" *Id.* at 1067. No matter how the state courts resolve that hypothetical question, it would not alter the real-world result of the prior federal patent litigation or impact the administration of the federal patent scheme as a whole. *Id.*; *see also Grable*, 545 U.S. at 315 (recognizing that the government's "direct interest in the availability of a federal forum to vindicate its own administrative action" made a quiet title action hinging upon the notice requirements that the IRS must comply with before selling a delinquent taxpayers property "an important issue of federal law that sensibly belong[ed] in a federal court."); *Smith v. Kansas City Title & Trust Co.,* 255 U.S. 180, 201, 41 S.Ct. 243, 65 L.Ed. 577 (1921) (recognizing that a case arose under federal law where its resolution depended upon the determination of the constitutional validity of an act of Congress).

Accordingly, substantiality does not depend on whether the resolution of a state law claim turns on a question of patent law, but rather on the importance of the issue to the federal system as a whole. *Gunn*, 133 S.Ct. at 1067. The questions of patent law at issue in counts III, IV, and V have no importance to the federal system as a whole because they are precisely the sort of backwards-looking, hypothetical determinations that the Supreme Court found did not justify federal jurisdiction in *Gunn*. Their resolution will neither alter existing or future patent rights nor impact the administration of the federal patent scheme. Accordingly, counts III, IV, and V are not "substantial questions" of federal patent law sufficient to confer jurisdiction under section 1338(a).

In light of this Court's previous finding that it does not have jurisdiction over count II under section 1338(a), this Court does not have original jurisdiction over this action, and therefore cannot exercise supplemental jurisdiction over the plaintiffs' state law claims or Niazi's state law counterclaims pursuant to 28 U.S.C. § 1367.

As a final matter, this Court notes that the plaintiffs request their fees and costs in light of Niazi's failure to execute the covenant not to sue and to argue the significance of *Gunn* in his first

motion to dismiss. Although this Court agrees that Niazi's delay was regrettable, the plaintiffs offer neither legal justification for such an award nor argument that they have suffered any harm as a result of the delay, and this Court can see no grounds for such an award in this instance.

**Conclusion**

For the foregoing reasons, Niazi's Motion to Dismiss for Lack of Subject Matter Jurisdiction [44] is granted, and this case is dismissed without prejudice to its refiling in state court. Accordingly, the Plaintiffs' pending motion for judgment on the pleadings [38] is stricken as moot.

IT IS SO ORDERED.

Date: April 1, 2016

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge